## NEWTOWN CREEK TOWING CO. v. CITY OF NEW YORK.

Circuit Court of Appeals, Second Circuit.
January 9, 1928.

No. 91.

1. Collision ⚖125—One claiming damages for tug detained for repairs after collision had burden to establish loss of profits during detention.

One claiming damages for collision on account of loss of earnings of tug during period when it was detained for repairs had burden of establishing loss of profits.

2. Collision ⚖125—Showing that vessel detained for repairs might have made profits does not sustain recovery for lost earnings.

Mere showing that vessel detained for repairs after collision might have made profits during detention period is insufficient to sustain recovery of damages for loss of earnings during detention.

3. Collision ⚖125—Evidence that tug was laid up for repairs after collision, and that plaintiff was engaged in operating tugs, held insufficient to sustain burden as to lost profits during detention.

Evidence merely showing tug was laid up for certain period after collision, and that plaintiff was engaged in operating tugs, *held* insufficient to sustain recovery for damages for loss of earnings during period of detention for repairs, especially where there was no record of operation of plaintiff's tugs during that period, and where it appeared plaintiff generally had a number of spare tugs, and did not actually use tug in question until some time after it was returned, since plaintiff failed to sustain burden as to lost profits.

Appeal from the District Court of the United States for the Eastern District of New York.

Libel filed by the Newtown Creek Towing Company, as owner of the steam tug Golden Age, to recover of the City of New York a repair bill and damages for detention during the time of repair. Decree for libelant. Respondent appeals from that part of the decree allowing damages for detention. Decree reversed.

George P. Nicholson, Corp. Counsel, of New York City (Charles J. Carroll, of Brooklyn, N. Y., and William J. Leonard, of New York City, of counsel), for appellant.

Alexander & Ash, of New York City (Edward Ash, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM. [1-3] The Golden Age was damaged by colliding with the city's bridge at Newtown creek on November 25, 1924. Liability was imposed upon the appellant. In measuring and allowing damages, 12 days' demurrage is allowed—the necessary time for repairs. Proof of such damage for detention rested upon the testimony of appellee's bookkeeper, and in substance showed the earnings, expenses, and average profit per day over a period including the time the tug was being repaired—November 27 to December 10, 1924. It appears that the appellee owned and operated 21 tugs, and had on hand 4 or 5 daily, as spare tugs. In this table there is no record of the operation of the tugs in the months of November and December, when the tug was not operated. The 4 or 5 tugs were always regarded as spare. It appears that there was not sufficient business for them, and that the whole fleet was never working at one time. An analysis of the bookkeeper's compilation from the original records forms no basis upon which to dem-

onstrate that, during the period this tug was in dry dock for necessary repairs, due to collision, she could have been otherwise employed with profit to her owners. The burden of establishing loss of earnings for detention during these 12 days was upon the appellee. The North Star (C. C. A.) 151 F. 168; Winfield S. Cahill (C. C. A.) 258 F. 318; Aktieselskabet Bonheur v. San Francisco & P. S. S. Co. (C. C. A.) 287 F. 679. In The Conqueror, 166 U. S. 125, 17 S. Ct. 510, 41 L. Ed. 937, the court said that such loss of profits for detention must be proven with reasonable certainty; it is not enough that the vessel might have made profit; it is not the possibility of employment, but an actual loss, to which the appellant must respond.

The collision occurred on November 25, 1924. Repairs were started on November 27th. They were completed December 10th, and it appears that she was not working from December 10th until December 25th, which is a further indication that during the period of repair there was no work for her. Merely showing that the vessel was laid up for repairs and a statement of the appellee's business forms too speculative a basis upon which to assume that, had the tug been in good repair, she would have been employed. The Conqueror, 166 U. S. 125, 17 S. Ct. 510, 41 L. Ed. 937.

The appellee contends that it can establish damages for detention, if afforded an opportunity to submit additional proof. Therefore we will reverse that part of the decree which allows damages for detention, and remand, with directions that it be afforded an opportunity of presenting additional proof before the master to establish loss for detention.

Decree reversed and remanded.